UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.  8:14-cr-30-T-23TBM
                                                                        8:16-cv-2296-T-23TBM

URIEL JULIO TAPIA
                                              /

**O R D E R**

      Tapia's motion under 28 U.S.C. § 2255 (Doc. 1) challenges the sentences for his convictions for conspiracy to possess with the intent to distribute cocaine while aboard a vessel, for which offense he is imprisoned for 135 months. Tapia erroneously seeks the retroactive application of an amendment to the Sentencing Guidelines.

      Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir.

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Tapia's motion under Section 2255 lacks merit.

Tapia was sentenced in 2014. Tapia asserts entitlement to the retroactive application of Amendment 794, U.S. Sentencing Guidelines, which clarifies entitlement to a decrease of the offense level based on the defendant's role in the offense. The amendment became effective in 2015. Tapia erroneously asserts entitlement to the retroactive application of Amendment 794 based on *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), which holds "that [Amendment 794] applies retroactively to direct appeals." Tapia is seeking relief on collateral review, not on direct appeal. Under Section 1B1.10(a)(2)(A), an amendment to the Sentencing Guidelines is not applied retroactively unless it is listed in Section 1B1.10(d). Because it is not listed in Section 1B1.10(d), Amendment 794 is not applied retroactively on collateral review. As a consequence, Tapia's motion under Section 2255 lacks merit.

Accordingly, the motion under Section 2255 (Doc. 1) is **DENIED**. The clerk must enter a judgment against Tapia and close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tapia is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Tapia must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Tapia is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Tapia must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 14, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE